**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 11 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY WELLBAUGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Cook, Judge
The Honorable Patrick Murphy, Commissioner
Cause No. 49F07-1401-CM-3147

**December 11, 2014**
**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Timothy Wellbaugh challenges the court's order imposing a $50.00 public defender fee. We remand.

## FACTS AND PROCEDURAL HISTORY

On January 21, 2014, the State charged Wellbaugh with Class A misdemeanor resisting law enforcement.[1] The court found Wellbaugh indigent. On finding Wellbaugh guilty, the court sentenced him to 180 days probation, eighty hours of community service work, and "no fines or costs." (Tr. at 44.) However, when the sentence was entered into the Chronological Case Summary (CCS), it indicated the trial court assessed a $50.00 supplemental public defender fee. (App. at 8.)

## DISCUSSION AND DECISION

Ind. Code § 35-33-7-6(a) provides a trial court must determine the indigency of a defendant and assign counsel if the defendant is indigent. Ind. Code § 35-33-7-6(c) determines the maximum fee to be paid by parties represented by the public defender's office. Ind. Code § 33-37-2-3 addresses fees that may be assessed if a party is not indigent. Ind. Code § 33-40-3-6 states if the court "makes a finding of ability to pay the costs of representation," the court can assess fees. Thus, a trial court must determine, prior to an assessment of public defender fees, indigency or whether the party has the ability to pay the costs of representation.

The State concedes the trial court did not assess Wellbaugh's ability to pay fees. We agree and remand so the trial court may assess Wellbaugh's ability, if any, to pay the public

---

[1] Ind. Code § 35-44.1-3-1 (2013).

2

defender fee.

Remanded.

BARNES, J., and PYLE, J., concur.